UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THERESA ANN HANKERSON,

           Plaintiff,

-against-

UNCLAIM FUNDS COMMISSIONER; CITIBANK; STATE CAPITAL RECORD HOLDING; GOLD COMMISSIONER; MR. VICKTOR BROWN LAYWER; STATE CAPITAL DEPARTMENT OF MENTAL HEALTH OF RECORDS COMMISSIONER; INHERITANCE COMMISSIONER,

           Defendants.

1:24-CV-2384 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Theresa Ann Hankerson, of Brooklyn, New York, who is appearing *pro se*, filed this action without indicating whether she is invoking the court's federal question jurisdiction or its diversity jurisdiction. In the section of her form complaint in which she was instructed to indicate the federal constitutional or federal statutory bases for her claims, Plaintiff stated: "Why is the State Capital . . . withholding [her] Inheritance of Gold? Why is . . . Citibank keeping my Inheritance? Why didn't Vicktor Brown put in the lawsuit against the [Metropolitan Transportation Authority ("MTA")]? And have the H50 hearing?" (ECF 1, at 2.) Plaintiff sues: (1) "Unclaim Funds Commissioner"; (2) Citibank; (3) "State Capital Record Holding"; (4) "Gold Commissioner"; (5) Attorney Vicktor Brown; (6) "State Capital Department of Mental Health of Records Commissioner"; and (7) "Inheritance Commissioner." In the relief section of her complaint, Plaintiff indicates that she seeks her "inheritance, [her] unclaim[ed] funds." (*Id.* at 6.) The Court understands Plaintiff's complaint as asserting claims of federal constitutional violations under 42 U.S.C. § 1983, as well as claims under state law.

By order dated May 8, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id*. But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action,"

which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges the following:

> The Unclaim Fund is withholding my Funds also withholding my Inheritance of Gold, the Bank, Citibank Is withholding my Inheritance Information, my Family had left me some Inheritance instead of me recover it they pass it on . . . The State Capital is catfishing me for my, to keep my Inheritance. The Organization had state that my Inheritance Is lock In Box. The Lawyer Vicktor Brown has sabotage my MTA By not putting In my lawsuit, also he try to sabotage my police brutality case. I had to get another attorney complete filling out the case. [*sic*]

(ECF 1, at 5-6.) She also alleges that her reputation has been injured, and she seeks her "inheritance, [her] unclaim[ed] funds." (*Id.* at 6.)

## DISCUSSION

The Court understands Plaintiff's complaint as asserting claims for relief seeking assets that Plaintiff believes she has inherited due to the death of a family member. The Court also understands Plaintiff's complaint as asserting claims, under 42 U.S.C. § 1983, of procedural due process violations arising from Plaintiff's unsuccessful efforts to recover her interest in unclaimed assets, as well as claims under state law.

A.     **Probate exception to the court's subject matter jurisdiction**

Plaintiff seems to assert claims for relief seeking assets that she believes she has inherited due to the death of family member. Under the probate exception to a federal district court's subject matter jurisdiction, however, this Court lacks subject matter jurisdiction to: (1) administer an estate, probate a will, or do any other purely probate matter, or (2) "'reach a res [(thing)] in the custody of a state court.'" *Lefkowitz v. Bank of New York*, 528 F.3d 102, 106 (2d

3

Cir. 2007) (quoting *Marshall v. Marshall*, 547 U.S. 293, 312 (2006)). Thus, to the extent that Plaintiff asks this Court to order that she be provided with assets that she believes she has inherited due to the death of a family member, the Court dismisses such claims because, under the probate exception, the Court lacks subject matter jurisdiction over such claims for relief. *See* Fed. R. Civ. P. 12(h)(3).

**B.      Claims under Section 1983 against Citibank and Attorney Brown**

The Court must dismiss Plaintiff's claims under Section 1983 against Citibank and Brown. To state a claim under Section 1983, a litigant must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). "The traditional definition of acting under color of state law requires that the defendant . . . exercise[ ] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (internal quotation marks and citation omitted). "Because the United States Constitution regulates only the Government, not private parties, [with respect to a claim brought under Section 1983,] a litigant claiming that h[er] constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and citation omitted). Private parties generally are not state actors, and therefore are not usually liable under Section 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970), a private attorney's legal representation of a private person does not constitute state action for the purpose of stating a claim under Section 1983 against that attorney, regardless of whether that attorney is

privately retained, court-appointed, or employed as a public defender, *see Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318-19 (1981), and *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997)); *see also Shorter v. Rice*, No. 12-CV-0111, 2012 WL 1340088, at *4 (E.D.N.Y. Apr. 10, 2012) ("[I]t is axiomatic that neither public defenders, such as Legal Aid attorneys, nor court-appointed counsel, nor private attorneys, act under the color of state law merely by virtue of their position.").

While the defendants other than Citibank and Brown appear to be state actors, Citibank is a private bank and Brown is a private attorney. Moreover, Plaintiff alleges no facts showing how either Citibank or Brown has acted as a state actor with regard to Plaintiff's federally protected rights. The Court therefore dismisses Plaintiff's claims under Section 1983 against Citibank and Brown for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

C. **Claims under Section 1983 of procedural due process violations**

Because each of the other defendants, with the exception of Citibank and Brown, appears to be either a New York State entity or a New York State officer ("the State Defendants"), and because, in the State of New York, claims for unclaimed assets must be filed with the State Comptroller, *see generally* N.Y. Abandoned Property Law § 1406(1)(a), the Court treats all of the State Defendants as the State Comptroller for purpose of this order. The Court understands Plaintiff's complaint as asserting claims against the State Comptroller, under Section 1983, of procedural due process violations arising from Plaintiff's efforts to obtain her interest in unclaimed assets held by State Comptroller.

The right of procedural due process only protects "against deprivations without due process of law." *Rivera-Powell v. N.Y. City Bd. of Elections*, 470 F.3d 458, 464 (2d Cir. 2006) (internal quotation marks and citation omitted). "The fundamental requisite of due process of law

is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (internal quotation marks and citations omitted). Determining whether the process provided is adequate requires a weighing of: (1) the private interest affected; (2) the risk of erroneous deprivation and the probable value of further safeguards; and (3) the governmental interest at issue. *See Rivera-Powell*, 470 F.3d at 466 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

Generally, some kind of predeprivation process must be provided before a person's property rights are infringed upon. *See Hodel v. Va. Surface Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264, 299 (1981); *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003). When that person is deprived of a property right because of a random and unauthorized act, rather than through the operation of established state procedures, however, the right of procedural due process is satisfied if the State provides an adequate postdeprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Rivera-Powell*, 470 F.3d at 465.

In the State of New York, a person laying claim to unclaimed assets held by the State Comptroller must file an administrative claim with the State Comptroller. *See* N.Y. Abandoned Property Law § 1406(1)(a), (b). Within four months of the State Comptroller's initial written determination with respect to such an administrative claim, the claimant may seek an administrative hearing to contest that initial determination. *See* § 1406(1)(b). Following that hearing, the State Comptroller makes a final administrative determination. *See id.* The claimant may then seek, within four months of that final administrative determination, and with no less than 10 days' notice to the State Comptroller, judicial review in the New York Supreme Court, Albany County, in a proceeding under Article 78 of the New York Civil Practice Law and Rules ("Article 78"). *See id.*; *State v. Int'l Asset Recovery Corp.*, 56 A.D.3d 849, 853 (3rd Dep't 2008).

An Article 78 proceeding provides procedural due process to claimants contesting the State Comptroller's final administrative determination. *See Int'l Asset Recovery Corp.*, 56 A.D.3d at 853. If the State Comptroller failed to comply with state law with regard to a claimant's interest in unclaimed assets, such an omission would constitute a random and unauthorized deprivation of property. That deprivation does not, however, constitute a violation of procedural due process so long as the State provides an adequate postdeprivation remedy.

Plaintiff does not allege that she has filed an administrative claim with the State Comptroller, sought an administrative hearing with the State Comptroller, sought Article 78 judicial review, or anything suggesting that those remedies are inadequate. Without pursing those remedies, Plaintiff cannot assert a viable claim that she was denied procedural due process. *See Vialez v. N.Y.C. Hous. Auth.*, 783 F. Supp. 109, 113 (S.D.N.Y. 1991) ("[I]f a plaintiff had an opportunity to contest a defendant's actions but failed to do so, there can be no claim for violation of his or her procedural due process rights under 42 U.S.C. § 1983."). Accordingly, to the extent that Plaintiff asserts claims under Section 1983 that her right of procedural due process has been violated with regard to her interest in unclaimed assets held by the State Comptroller, the Court dismisses such claims for failure to state a claim on which relief may be granted, *see* § 1915(e)(2)(B)(ii), but without prejudice to Plaintiff's pursing the abovementioned state administrative and judicial remedies.

**D.      Claims under state law**

The Court understands Plaintiff's claims under state law as brought under the court's supplemental jurisdiction. A federal district court may decline to exercise supplemental jurisdiction of claims under state law, however, when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court

should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed Plaintiff's claims of which the Court has original subject matter jurisdiction – Plaintiff's claims under Section 1983 – the Court declines to exercise its supplemental jurisdiction of any of her claims under state law. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

### E.     Leave to amend is denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

The Court dismisses this action for the reasons set forth in this order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated:   June 27, 2024
         New York, New York

                                               /s/ Laura Taylor Swain
                                               LAURA TAYLOR SWAIN
                                               Chief United States District Judge